UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLY R. WILSON,

      Plaintiff,

v.

      Case No.:  2:26-cv-01836-SPC-NPM

MORA RUBIEL,

      Defendant,

_____/

## **OPINION AND ORDER**

Before the Court is Plaintiff Billy R. Wilson's Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (Doc. 1).  Wilson, a pretrial detainee in the Charlotte County Jail, sues Road Patrol Officer Mora Rubiel based on events that occurred on March 4, 2025.  Wilson is proceeding *in forma pauperis*, so the Court must review his complaint to determine if it is frivolous or malicious, seeks monetary damages against a party immune from such relief, or fails to state a claim.  *See* 28 U.S.C. § 1915(e)(2).

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915(e)(2).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  That means the Court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The preferential standard of review, however, does not let all pleadings adorned with facts

survive to the next stage of litigation.  The Supreme Court has been clear on this point—a district court should dismiss a claim when a party does not plead facts that make the claim facially plausible.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct.  *See Iqbal*, 556 U.S. at 678.  This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).  And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action.  *Twombly*, 550 U.S. at 555.

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law.  *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)).  In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation.  *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

The allegations in Wilson's complaint are difficult to discern.  He appears to assert that he was unlawfully detained, searched, and arrested following

what he describes as a "consensual encounter" with police on March 4, 2025, which led to probation violations and additional criminal charges. Wilson alleges that he "found hidden passages and tunnels" at a job site and that "tools started coming up missing." When he arrived at the job site on March 4, 2025, he saw two people carrying firearms and, in fear for his life, grabbed "a phone and a couple other items" and ran away. Unable to unlock the phone he had grabbed, Wilson began "waiving down cars" in an effort to get someone to call the police. However, when police arrived, Wilson was searched, and police found box cutters, screwdrivers, and a container containing meth on his person.

According to Wilson, he was then taken to Charlotte County Jail and "no further investigations was [sic] done to prove or disprove [his] complaint."[1] He alleges his due process rights were violated when additional charges were brought against him for violating his probation and that police obtained a search warrant for him "without proper evidence to do so." He seeks monetary damages for "attorney fees" and lost time at work.

Wilson's complaint fails to state a claim. Initially, Wilson does not make clear that Rubiel was responsible for, or took part in, the search of his person

---

[1] Wilson alleges he told police about the "hidden passages and tunnels" and missing tools at the job site, as well as provided them with information about the existence of child pornography on a computer at the job site.

and subsequent arrest that occurred on March 4, 2025. But even assuming that Rubiel was the officer who conducted the search and arrest, Wilson nonetheless fails to state a claim against her. In his complaint, Wilson acknowledges that a search warrant was obtained. "[A] valid and lawfully obtained warrant shields an officer from liability because the officer's reliance on the magistrate's probable-cause determination renders the officer's actions reasonable." *Washington v. Howard*, 25 F.4th 891, 904 (11th Cir. 2022). Aside from asserting it was obtained "without proper evidence," Wilson does not allege any facts that could render the search warrant invalid. His purely conclusory statement is not enough. And in any event, it is not entirely clear that Wilson was even searched pursuant to a warrant; his allegations suggest he consented to a pat down search, which led to the discovery of contraband. Wilson's complaint does not allege facts that support a claim against Rubiel based on the search and arrest.

The Court further construes Wilson's complaint as attempting to allege a claim for malicious prosecution. Wilson alleges that after his March 4, 2025, encounter with police, he was deemed to have violated his probation, and that additional charges, which he claims are invalid or improper, were brought against him. "To prove a § 1983 malicious prosecution claim, a plaintiff must show the following '(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that

terminated in the accused's favor; and (4) caused damage to the plaintiff accused.'" *Sevostiyanova v. Cobb Cnty. of Ga.*, 484 F. App'x 355, 357 (11th Cir. 2012) (quoting *Wood v. Kesler*, 323 F.3d 872, 881-82 (11th Cir. 2003)). Wilson's claim fails on the second and third elements. He alleges no facts suggesting Rubiel acted with malice or without probable cause, and the subsequent criminal proceedings did not end in Wilson's favor.[2] As such, he fails to allege a plausible claim for malicious prosecution under the Fourth Amendment.

Lastly, to the extent Wilson's complaint seeks to recover damages for allegedly unconstitutional convictions or imprisonment stemming from the March 4, 2025, event, he is barred from doing so by Supreme Court precedent. In *Heck v. Humphrey*, the Supreme Court held that a § 1983 plaintiff seeking to "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" must prove the conviction or sentence was reversed or invalidated. 512 U.S. 477, 487 (1994). The Court explained:

> A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a

---

[2] The Court takes judicial notice of the documents on the online dockets for Wilson's state criminal cases. It appears that in Case No. 25000311F, in the 12th Judicial Circuit in and for Charlotte County, Florida, Wilson entered a no contest plea to the charges brought against him stemming from the March 4, 2025, event. Wilson received a two-year prison sentence with credit for time served. It likewise appears that his convictions in Case No. 25000311F served as a basis for alleging violations of probation in at least two other criminal cases.

> judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.   But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.*

The Supreme Court later clarified that a plaintiff "must demonstrate, among other things, that he obtained a *favorable termination* of the underlying criminal prosecution" to avoid the *Heck* bar.   *Thompson v. Clark*, 142 S. Ct. 1332, 1335 (2022).   "To demonstrate a favorable termination of a criminal prosecution for purpose of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction."   *Id.*

Wilson appears to assert that the search, arrest, and ensuing criminal convictions violated the Fourth Amendment.   But he did not obtain favorable terminations of the charges that were subsequently brought against him.   As previously noted, Wilson pled no contest, was adjudicated guilty, and received a prison sentence for the conduct that occurred on March 4, 2025.   Judgment in Wilson's favor on his Fourth Amendment claims herein would imply the convictions are invalid.   Thus, his claims are barred by the *Heck* doctrine.

The Court will dismiss Wilson's claims against Rubiel without prejudice, because Wilson could conceivably state claims against her if his convictions were overturned.  But amendment of those claims would currently be futile due to the *Heck* bar, so the Court will enter judgment and close this case.

Accordingly, it is

**ORDERED:**

1.  Plaintiff Billy R. Wilson's Complaint under 42 U.S.C. § 1983 (Doc. 1) is **DISMISSED without prejudice**.

2.  The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on July 16, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

CC-ORL 7/15
Copies: All Parties of Record